IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL, SOUTHERN OHIO & VICINITY PENSION TRUST, derivatively on behalf of BOSTON SCIENTIFIC CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> J. RAYMOND ELLIOTT, et al., <br><br> Defendants, <br><br> and <br><br> BOSTON SCIENTIFIC CORPORATION, <br><br> Nominal Party. | ) ) ) ) ) ) ) ) ) ) Civ. No. 10-699-SLR ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of October, 2011, having reviewed defendants' motion to dismiss and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 32) is granted, for the reasons that follow:

1. **Background.** Plaintiff has filed a derivative complaint against defendants for breach of fiduciary duty, waste of corporate assets and unjust enrichment. (D.I. 1) Plaintiff claims to have been a shareholder of nominal party Boston Scientific Corporation ("BSC"), a Delaware corporation, during the relevant time period of April 20, 2009 to March 30, 2010. The individual defendants are either members of BSC's Board of Directors and/or BSC officers. (*Id.* at ¶¶ 19-31) In describing defendants'

"unlawful and harmful conduct" (*id.* at ¶¶ 45-74), plaintiff asserts that, "[b]etween April 20, 2009 and March 30, 2010, defendants engaged in an **unlawful course of conduct that misrepresented** the Company's business practices, the amount and sources of its revenues, the reliability of its products, its compliance with legal and regulatory requirements, the risks to its present and future operations, and the Company's past performance and prospects for future success." (*Id.* at ¶ 45) (emphasis added) Similarly, plaintiff concludes its description by asserting that the "**statements issued by defendants** during the Relevant Period **were materially false and misleading** because they misrepresented existing facts known to defendants or that were recklessly disregarded by them or omitted to disclose facts that defendants knew or disregarded, which were necessary to make the statements made not misleading to investors . . . ." (*Id.* at ¶ 74) (emphasis added) Included among the damages to BSC are the "costs incurred in defending [BSC] and certain defendants in the federal securities class action, plus potentially hundreds of millions of dollars in settlements or to satisfy any adverse judgment." (*Id.* at ¶ 75(l). Plaintiff admits to not making a demand on the present Board of Directors "because such a demand would have been a futile and useless act." (*Id.* at ¶ 86)

    2. **Standard of review.** Pursuant to Fed. R. Civ. P. 23.1(b)(3), a shareholder bringing a derivative action must file a verified complaint that "state[s] with particularity:"

> (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>
> (B) the reasons for not obtaining the action or not making the effort.

"Although Rule 23.1 provides the pleading standard for derivative actions in federal court, the substantive rules for determining whether a plaintiff has satisfied that standard 'are a matter of state law.'" *King v. Baldino*, 409 Fed. Appx. 535, 2010 WL 5078008 (3d Cir. December 14, 2010) (citing *Blasband v. Rales*, 971 F.2d 1034, 1047 (3d Cir. 1992)). "Thus, federal courts hearing shareholders' derivative actions involving state law claims apply the federal procedural requirement of particularized pleading, but apply state substantive law to determine whether the facts demonstrate [that] demand would have been futile and can be excused." *Kantor v. Barella*, 489 F.3d 170, 176 (3d Cir. 2007).

3. In this regard, the Delaware Supreme Court has explained that

> the entire question of demand futility is inextricably bound to issues of business judgment and the standard of that doctrine's applicability . . . . It is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.

*Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984). With this framework in mind, the Delaware Supreme Court has characterized the exercise of determining demand futility as deciding "whether, under the particularized facts alleged, a reasonable doubt is created that (1) the directors are disinterested and independent and (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Id.* at 814.

4. Plaintiff asserts that demand was excused at bar

> by virtue of: (i) the long-running nature of the wrongdoing; (ii) defendants' tenures on the Board and committees thereof which were designed to monitor and ensure [BSC's] compliance with federal and state regulations and law; and (iii) defendants' signing of

3

> Company filings (including Annual Reports) which acknowledged extensive and lengthy investigations into business practices regarding different product lines, defendants were aware of the kickback and charitable contributions scheme as well as the improper statements concerning the FDA's non-approval and the Company's withdrawal because of compliance defects.

(D.I. 1, ¶ 84)

5. The problem with plaintiff's allegations of demand futility, as well as with its papers filed in opposition to the motion to dismiss, is that there is a disconnect between the wrongdoing actually asserted in the complaint and the wrongdoing described by plaintiff in its arguments. More specifically, plaintiff's only allegations of wrongdoing in the complaint have to do with defendants making false and misleading statements about certain corporate conduct.[1] Nevertheless, in opposing defendants' motion to dismiss, plaintiff argues that "[t]he gravamen of the complaint is that defendants consciously caused [BSC] to engage in illegal activity," including "providing improper inducements to healthcare professionals," "distributing devices without FDA approval," and "distributing defective products while concealing the defects." (D.I. 37 at 14)

6. While the court has no disagreement with the general principle that illegal business strategies are not protected by the business judgment rule, the court is not inclined to allow plaintiff to ignore its own pleadings in defending against dismissal.[2] In

---

[1] The court surmises that the complaint at bar was fashioned to reflect the wrongdoing asserted in the federal securities class action filed in Massachusetts, which case has now been dismissed for failure to plead with the specificity required under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b). See In re Boston Scientific Corporation Securities Litigation, Civ. No. 10-10593-DPW (D. Mass. September 19, 2011). (D.I. 42, attachment)

[2] In its review of the 48-page complaint and, particularly, of the 29 paragraphs devoted to "DEFENDANTS' UNLAWFUL AND HARMFUL CONDUCT" (D.I. 1 at 15),

4

other words, by arguing about conduct which has not been pled, plaintiff has failed to raise a reasonable doubt as to whether the protections of the business judgment rule are available to the Board of Directors and, certainly, has failed to challenge either the independence or disinterestedness of the defendant directors based solely on the "egregious" nature of the alleged wrongdoing.

7. The court recognizes that plaintiff has generally asserted that defendants violated their fiduciary duties by, e.g., "abandoning and abdicating their responsibility and duty to prudently manag[e] the assets and business of [BSC] in a manner consistent with the operations of a publicly held corporation." (D.I. 1, ¶ 104) The court will allow plaintiff the opportunity to amend its complaint to make consistent the allegations of wrongdoing with its apparent theory of the case, as disclosed in its argument.

THEREFORE, IT IS FURTHER ORDERED that plaintiff may file an amended complaint on or before **October 24, 2011.**

                                             United States District Judge

---

the court has found no allegations that the Board of Directors either "deliberately adopted or condon[ed]" (as argued by plaintiff in its papers, e.g., D.I. 37 at 17) any of the business strategies generally described by plaintiff in the complaint as background for its allegations relating to false and misleading statements.