**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL, SOUTHERN OHIO & VICINITY PENSION TRUST, Derivatively on Behalf of BOSTON SCIENTIFIC CORPORATION,<br><br>    Plaintiff,<br><br>        v.<br><br>J. RAYMOND ELLIOTT, JAMES R. TOBIN, SAMUEL R. LENO, JOHN E. ABELE, KATHERINE T. BARTLETT, NELDA J. CONNORS, MARYE ANNE FOX, RAY J. GROVES, ERNEST MARIO, PETE M. NICHOLAS, N.J. NICHOLAS, JR., UWE E. REINHARDT and JOHN E. SUNUNU,<br><br>        Defendants,<br><br>    -- and --<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware corporation,<br><br>        Nominal Party. | Civil Action No.  1:10-cv-00699-SLR |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF THEIR CROSS-MOTION FOR DISMISSAL WITH PREJUDICE**

Nominal defendant Boston Scientific Corporation ("BSC") and individual defendants J. Raymond Elliott, James R. Tobin, Sam R. Leno, John E. Abele, Katherine T. Bartlett, Nelda J. Connors, Marye Anne Fox, Ray J. Groves, Ernest Mario, Pete M. Nicholas, N. J. Nicholas, Jr., Uwe E. Reinhardt, and John E. Sununu (the "Individual Defendants"), all present or former officers or directors of BSC, respectfully submit this Reply Memorandum in support of their Cross-Motion for Dismissal *With Prejudice* ("Defts' Cross-Motion for Dismissal").

## SUMMARY OF ARGUMENT

In its Opposition to Defts' Cross-Motion for Dismissal ("Pltffs' Opp."), plaintiff Iron Workers District Council, Southern Ohio & Vicinity Pension Trust ("Iron Workers") variously

ME1 12565174v.4

argues **(1)** that dismissal of this case based on "federal" principles of issue preclusion would "infringe" on its right to inspect BSC corporate records under 8 *Del. C.* § 220 ("Section 220") in violation of the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), *see* Pltffs' Opp. at 1; **(2)** that this Court cannot determine if *res judicata* applies as a result of the recent final judgment dismissing *with prejudice* the duplicative *Barrington* derivative action in Massachusetts unless the plaintiff is first permitted to file a further amended complaint in this case (it has already amended once), *id.* at 1-2; **(3)** that this Court's October 4, 2011 Order ("October 4 Order"), which granted plaintiff until October 24, 2011 to amend its complaint

> to make consistent the allegations of wrongdoing with its apparent theory
> of the case, as disclosed in its argument…

October 4 Order at p. 5, somehow also authorized the plaintiff to wait until the evening of October 24 to move to stay this action based on the argument that it now wants to pursue a Section 220 books and records suit against BSC, *id.* at 2-7; and **(4)** that the "balance of the equities" otherwise favor denying the Defts' Cross-Motion for Dismissal. *Id.* at 7-8.

     None of these arguments can withstand even a modicum of scrutiny. First, there is no issue of "infringement" of any party's rights under state law here, as both Delaware and the federal courts apply the doctrines of *res judicata* and collateral estoppel, and *Younger* abstention in any event has nothing to do with this case,[1] let alone with whether it should be dismissed *with prejudice* on grounds of issue preclusion.

---

[1]  *Younger* abstention prevents a federal court from enjoining state court proceedings when the following three elements are met: (1) the state court proceeding is pending when the federal action is filed; (2) the state court proceeding implicates important state interests; and (3) the state court proceeding provides an adequate opportunity to raise the federal claims. *See Middlesex Cty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). **None of these three elements are present here**. *See also Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("we have never applied [*Younger* abstention] when no state proceeding was pending nor any assertion of important state interests made….. Absent any pending proceeding in state tribunals, therefore, application by the lower courts of *Younger* abstention was clearly erroneous."). There is not even a pending state court proceeding, much less a first-filed one.

Second, it is not correct that the applicability of *res judicata* in this case depends on determining whether a further amended complaint "is significantly changed from any prior dismissed complaint in a parallel action" as plaintiff claims, *see* Pltffs' Opp. at 2, because, as the Third Circuit has specifically held, principles of issue preclusion dictate that all facts which were raised ***or could have been raised*** in the duplicative action in which judgment has already entered (in this case *Barrington*) are now precluded.  *See Fairbank's Capital Corp. v. Milligan*, 234 Fed. Appx. 21, 23 (3d Cir. 2007) ("issue preclusion[] refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated ***or that could have been litigated***.") (emphasis added).  Thus, even if the plaintiff here were able to improve its complaint through further investigation of underlying facts at this point, that new complaint would nevertheless still be precluded by the District of Massachusetts' decision in *Barrington*.  *See* Wright & Miller, 18 A <u>Federal Practice & Procedure: Juris</u>. § 4439 (2d ed. 2011) ("[d]ismissal for insufficient pleading …precludes a second action ***on an improved complaint***.") (emphasis added).

Third, dismissal with prejudice is further warranted here because: (a) there is no operative pleading; (b) the plaintiff was given a date certain within which to file an operative pleading and it failed to do so, in effect admitting in its motion to stay that it lacks sufficient basis to file such a pleading at this time; and (c) there is no valid basis for granting the open-ended and indefinite stay the plaintiff now seeks, which would be highly prejudicial to the defendants and would amount to an impermissible effort to obtain pre-filing discovery.

## **PROCEDURAL HISTORY**

On June 21, 2010, a derivative lawsuit was filed in the District of Massachusetts captioned *Barrington v. Abele, et al.*, Case No. 1:10-cv-11054 ("*Barrington*"), naming as defendants, *inter alia*, the same officers and directors of BSC as the Individual Defendants in this

action,[2] and alleging substantially identical claims which accused those defendants of breaching their fiduciary duties on account of a number of alleged acts between April 2009 through March 2010, including the investigation and subsequent termination of a number of employees in BSC's Cardiac Rhythm Management group, and various alleged misstatements purportedly made by certain officers and directors to the market during that period of time.

On August 19, 2010, nearly two months *after* the *Barrington* derivative action was filed, Iron Workers commenced this action, accusing the *same* individuals of breaching their fiduciary duties for allegedly engaging in essentially the same conduct during essentially the same time period (*i.e.*, between April 2009 to March 2010).  The similarity of these two lawsuits is not surprising because, as this Court has observed, both are offshoots of an earlier filed securities fraud class action lawsuit that has now been dismissed.  *See* October 4 Order at p. 4, n.1.  On September 26, 2011, *Barrington* was dismissed *with prejudice* on the merits for failure to adequately plead demand futility.  That dismissal was not appealed, and is now final.

## ARGUMENT

Based on settled principles of issue preclusion, the *with prejudice* dismissal of *Barrington* now acts as a bar to Iron Workers' going forward with this lawsuit, regardless of whether it could discover new evidence, through a Section 220 request or otherwise, that it might then use in an attempt to replead the allegations of its already once-amended complaint (the "Complaint").

## I.  *KING* AND THE OTHER CASES CITED BY PLAINTIFF DO NOT SUPPORT ITS OPPOSITION TO A *WITH PREJUDICE* DISMISSAL OF THIS CASE

The plaintiff's opposition to Defendants' Cross-Motion for Dismissal With Prejudice is based primarily on the Delaware Supreme Court's decision in *King v. Verifone Holdings, Inc.*, 12

---

[2]   All of the Individual Defendants were defendants in *Barrington*.  *Barrington* also named the following BSC directors: Bruce L. Byrnes, Jeffrey D. Capello, Ursula M. Burns, Nancy-Ann Deparle, Joel L. Fleishman, Kristina M. Johnson, John E. Pepper, and Warren B. Rudman.

A.3d 1140, 1150 (Del. 2011), which allowed a derivative plaintiff to make a Section 220 books and records demand to obtain evidence to replead a shareholder derivative complaint that was dismissed with leave to amend.  *King*, however, did not involve a situation in which, as here, a parallel, duplicative, and earlier-filed derivative action was dismissed on the merits *with prejudice* only weeks before the *without prejudice* dismissal order was issued in this case, and the thirty-day appeal period has now passed on that *with prejudice* dismissal -- making it a final judgment on the merits of the demand futility issue.  *King* is thus distinguishable from this case.

*King* did acknowledge, however, that a Section 220 action *is not available* if an earlier derivative action is dismissed with prejudice and without leave to amend.  *See id.* at 1152 n.67 ("If…King had brought his Section 220 action after the California Federal Court dismissed his second amended derivative complaint with prejudice and without leave to amend, he would lack a proper purpose under Section 220").[3]  That in essence is what has occurred here -- a dismissal with prejudice and without leave to amend against derivative plaintiff BSC in *Barrington* which collaterally estops all other derivative actions based on the same basic facts (such as this one).[4]

As the Supreme Court held in *Federated Dep't Stores v. Moitie*, 452 U.S. 394 (1981), "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were ***or could have been raised in that action***." *Id.* at 398 (emphasis

---

[3]   *See also Graulich v. Dell Inc.*, 2011 WL 1843813, *7 (Del. Ch. May 16, 2011) (dismissing Section 220 action, holding that because a settled derivative action "was based on the same set of facts plaintiff purportedly seeks to investigate here [in the pending Section 220 action]" … "[c]laim preclusion … 'eviscerate[s] any showing' of proper purpose here."); *Norfolk Cty Retirement Sys. v. Jos. A. Bank Clothiers, Inc.*, 2009 WL 353746, *6 (Del. Ch. Feb. 12, 2009) ("If the filing of such a future derivative action ***would be barred by claim or issue preclusion***, however, ***a § 220 demand may be denied as a matter of law***.") (emphasis added).

[4]   The plaintiff's entire opposition is based on the faulty premise that it can obtain books and records through a Section 220 action.  This is incorrect.  As *King* makes clear, the fact that *Barrington* was dismissed with prejudice and without leave to amend means that any Section 220 action seeking discovery concerning the same basic facts as alleged in that case lacks a proper purpose and thus cannot be sustained.  *Id.* at 1152 n.67.  *See also* note 3, *supra*.

added).   In *Barrington*, BSC (derivatively) sought to sue its officers and directors for allegedly breaching their fiduciary duties by engaging in certain acts between April 2009 and March 2010, but was unable to satisfy the substantive requirements of showing demand futility, resulting in the case being dismissed with prejudice.   Based on that ruling, BSC, derivatively through the plaintiff here, cannot reargue the issue of demand futility, even with newly discovered evidence. *See In re Sonus Networks, Inc. S'holder Derivative Litig.*, 499 F.3d 47, 64 (1st Cir. 2007) ("if the shareholder can sue on the corporation's behalf, it follows that the corporation is bound by the results of the suit in subsequent litigation, even if different shareholders prosecute the suits").[5]

In an attempt to avoid this result, plaintiff cites *Sonus, supra,* for the proposition that issue preclusion does not apply when new allegations amount to a "significant change" from the prior action.   Pltff's Opp. at 8 (citing *Sonus*).   In making this argument, however, the plaintiff neglects to cite the remaining analysis in *Sonus* (in the following paragraph) where the court explains that a "significant change" entails "new" and not merely "different," allegations, and that when "the evidence was available and could have been brought before the state court before it dismissed the state action," **the allegations are not "new"** and thus issue preclusion applies. *Id.*, 499 F.3d at 62.   In other words, a plaintiff can plead "new events that happened *after* the first litigation was dismissed, but not … facts that had already occurred and could have been pleaded in the first suit. *Facts excusing a failure to make demand that could have been pleaded in the first complaint, or by amendment before dismissal, should be barred* for the very same reasons

---

[5]   In *Sonus*, the court held that "it is a matter of black-letter law that the plaintiff in a derivative suit represents the corporation, which is the real party in interest," and under Delaware law "the shareholder in a derivative suit represents the corporation." *Id.*, 499 F.3d at 63-64.   Thus, "if the shareholder can sue on the corporation's behalf, it follows that the corporation is bound by the results of the suit in subsequent litigation, *even if different shareholders prosecute the suits." Id.* at 64 (emphasis added).   This doctrine applies even if the case is dismissed under Fed. R. Civ. P. 23.1 for failure to satisfy the requirements of demand futility (unless the dismissal is based on the inadequacy of the plaintiff's representation). *Id.*   Significantly, the plaintiff in this case has never even argued that Barrington was not an adequate derivative representative in that case, much less demonstrated it.

ME1 12565174v.4

that support applying claim preclusion to dismissals for failure to state a claim.… [A] party who has litigated an ultimate fact *may not bring forward different evidentiary facts in order to relitigate the finding*." *Id.* at 63 (emphasis added).

Here, the plaintiff unfairly seeks to hamstring the Court by arguing that issue preclusion should not apply because, while it has no new facts, it hopes to discover some unknown new facts in the future.  Under the kind of reasoning it advances, however, issue preclusion could never apply, and this lawsuit would remain open indefinitely while a plaintiff who has no viable claims seeks to hold a company's officers and directors hostage while it embarks on a proverbial fishing expedition.  Proceeding in this fashion would vitiate the entire purpose of issue preclusion - which is to ensure the parties finality.  *See Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) ("Collateral estoppel, or issue preclusion, is designed to prevent needless relitigation and bring about some finality to litigation.").

Proceeding in this fashion would also be illogical because, as can be seen from the plaintiff's Section 220 demand (attached as Exhibit A to Pltff's Opp.), it seeks documents that were available in 2010, long before *Barrington* was dismissed, even though it could not rely on those documents even if it could obtain them, as a leading treatise on the subject explains:

> [a] party … cannot avoid issue preclusion simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first, but rather bears the consequences of inadequate litigation by waiving the right to do so in a subsequent case.…  Whenever a court considers applying the doctrine of issue preclusion, there is always a lingering question of whether a party might have succeeded in proving its point if given a second chance at producing evidence that was available but not presented at the initial proceeding. Without more, however, ***this consideration does not outweigh the extremely important policy underlying the doctrine of issue preclusion--that litigation of issues at some point must come to an end***.  To allow this type of evidence would "contravene the very principles on which collateral estoppel is based."

18-132 Moore's Federal Practice § 132.02 (footnotes and citations omitted) (emphasis added).

Thus, while the plaintiff here may be unhappy that the plaintiff in *Barrington* did not seek books and records under Section 220, it is nevertheless bound by the final judgment in *Barrington*.

In its Opposition, the plaintiff also cites *West Coast Management & Capital, LLC v. Carrier Access Corp.*, 914 A.2d 636 (Del. Ch. 2006), but that case also does not advance the plaintiff's argument.  In *West Coast*, the Delaware Court of Chancery held that, when a prior federal derivative case is dismissed without leave to amend, a plaintiff may not attempt to pursue a Section 220 action in order to gain "information to relitigate that prior determination."  *Id.* at 645.  Rather, the denial of leave to amend means that the plaintiff does not have a proper purpose for pursuing a Section 220 action.  *Id.* at 646.  Ignoring the actual holding of *West Coast* and instead focusing solely on dicta from a footnote (*id.* at 643 n.22), the plaintiff argues that issue preclusion does not apply when a second plaintiff files a second derivative action based on "substantially different allegations."  Pltff's Opp. at 8-9.  Subsequent Delaware court decisions, however, have interpreted this footnote to mean that under Delaware law, a new derivative plaintiff may be able to overcome issue preclusion if he can show that the earlier plaintiff's representation was inadequate -- an issue Iron Workers has not raised here.  *See Norfolk Cty Retirement Sys.*, 2009 WL 353746 at *8 (specifically citing footnote 22 from *West Coast* and interpreting the footnote to be a reference to adequacy of representation issues); *In re Career Educ. Corp. Deriv. Litig.*, 2007 WL 2875203, *10  (Del. Ch. Sept. 28, 2007) (same).[6]

*West Coast* also went on to note that it was bound to follow federal issue preclusion law because (as here) the prior judgment at issue was a federal court judgment, *see id.*, 914 A.2d at 642, and under settled federal issue preclusion law adopted in this Circuit, *Barrington* precludes

---

[6]  *Norfolk County* went on to hold that the failure to make a Section 220 demand in a prior case does not establish inadequate representation.  *See id.* at *8 ("Although the prior plaintiff's failure to make a books and records request before filing a derivative lawsuit does not comport with the approach suggested by Delaware courts, that alone does not indicate that he was an inadequate representative.").

ME1 12565174v.4

Iron Workers from moving forward with this case even if Iron Workers could obtain additional evidence in a Section 220 action. *See McLaughlin v. Fisher*, 277 Fed. Appx. 207, 214 (3d Cir. 2008) ("'if the party against whom preclusion is sought did in fact litigate an issue of ultimate fact and suffered an adverse determination, ***new evidentiary facts may not be brought forward to obtain a different determination of that ultimate fact***.'") (citation omitted) (emphasis added); *Fairbank's Capital*, 234 Fed. Appx. at 23 ("Collateral estoppel … refers to the preclusive effect of a judgment on the merits of an issue that was previously litigated or that could have been litigated.").[7]

In short, because the doctrine of issue preclusion applies not just to evidence that was pled in the earlier action, but also applies to evidence that **could** have been pled, and because the doctrine expressly prohibits a party from raising new evidence to attempt to avoid the doctrine's application, BSC's motion to dismiss *with prejudice* should be allowed based on the earlier dismissal *with prejudice* in the *Barrington* case.

## II.   THE PLAINTIFF CANNOT PROPERLY AVOID A *RES JUDICATA* DISMISSAL BY DEMANDING AN INDEFINITE STAY

The plaintiff's Motion to Stay this case does not impact defendants' right to a dismissal on the basis of *res judicata*.   Here, the plaintiff knew that it could have made a Section 220 demand prior to filing suit.   For strategic reasons, however, it elected to go forward with this lawsuit without first making such a demand, and only after its Complaint was dismissed and after a similar derivative lawsuit was dismissed did it ask for a stay (on the day the Court required it to file an amended complaint) in order to pursue a Section 220 action.   Allowing this request,

---

[7]   Plaintiff's reliance on *Melzer v. CNET Networks, Inc.*, 934 A.2d 912, 919-20 (Del. Ch. 2007), is also unavailing because, in that case, the Chancellor dismissed the derivative action but granted leave to amend and specifically instructed the plaintiffs to pursue a section 220 demand.   Here, in contrast, the *Barrington* court dismissed the action with prejudice and that dismissal was not appealed.   Thus, *Melzer*, like *King*, simply did not involve the application of the doctrine of collateral estoppel.

9

however, would force the Individual Defendants to remain parties to a lawsuit indefinitely even though there is no operative pleading (the previously existing amended complaint having been dismissed), and the plaintiff will never be able to state a claim on the substantive facts alleged due to *res judicata*.

In this respect, a stay would place this case in a procedural posture that is not recognized by the Federal Rules - a lawsuit with no operative pleading that satisfies Rules 11, 12, or 23.1, brought by a plaintiff who admits it has no facts to presently state a claim, essentially seeking "pre-filing discovery" (but not compliant with Fed. R. Civ. P. 27), which deprives the Individual Defendants of their right to finality as well as to their right to know what the claims against them are, and to seek to expeditiously dismiss those claims.  Such a stay would not only raise serious Due Process concerns, it would clearly fail to satisfy the "even balance" requirement enunciated in *Landis v. North Am. Co.,* 299 U.S. 248, 255 (1936).  Accordingly, separate and aside from the fact that this case is barred under the doctrine of issue preclusion, it should be dismissed with prejudice at this time given that Iron Workers essentially admits, through its failure to amend its complaint within the time allowed by the Court, that it cannot presently state a claim.[8]

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that Court deny *Lead Plaintiff's Motion to Stay Proceedings*, grant *Defendant's Cross-Motion to Dismiss with Prejudice*, and dismiss this case *with prejudice* on both *res judicata* and procedural grounds.

---

[8]   "The stay of a civil proceeding is an extraordinary remedy," *S. Freedman and Co. Inc. v. Raab*, 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008), and "the entry of a stay of indefinite duration is strongly discouraged and 'can itself constitute an abuse of discretion.'" *Palmer v. Sabol*, 2011 WL 2976365, *5 (M.D. Pa. July 21, 2011).  In *CTF Hotel Holdings, Inc. v. Marriott Intern., Inc.*, 381 F.3d 131, 139 (3d Cir. 2004), the Third Circuit held that a court cannot stay a case pending the outcome of another suit unless the "suppliant for a stay … make[s] out a clear case of hardship or inequity...." *Id.* at 139.  Here, Defendants' interests in finality and in not having to litigate the same case twice strongly outweighs the plaintiff's interests in staying this case while it hunts for more evidence.

10

MCCARTER & ENGLISH, LLP

By: */s/ Daniel M. Silver*
      Michael P. Kelly, Esq. (#2295)
      Daniel M. Silver, Esq. (#4758)
      405 N. King Street 8th Floor
      Wilmington, DE 19801
      Tel: 302-984-6300
      Fax: 302-984-6399
      mkelly@mccarter.com
      dsilver@mccarter.com

      Robert J. Kaler, Esq. (*Pro Hac Vice*)
      McCarter & English LLP
      265 Franklin Street
      Boston, MA 02110
      Tel. 617-449-6507
      rkaler@mccarter.com

      *Attorneys for Defendants*

Dated:  November 28, 2011

11